UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROOSEVELT WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAJOR GEORGE PAYNE, *et al.*, )<br>)<br>Defendants. ) | CAUSE NO. 3:00-CV-0268 RM |

OPINION AND ORDER

Defendants Payne, Pickens, Links, Watts, Ricket, and Smith prevailed at trial, but the court entered a default jugdment against defendant Stuart Hunter in the amount of $750.00. Plaintiff Roosevelt Williams has attempted to obtain Mr. Hunter's address in order to collect the judgment against him. At the plaintiff's request, the court ordered that a third party subpoena be issued to the Commissioner of the Indiana Department of Correction asking the Commissioner to "provide the current work address of Stuart Hunter if he is still employed by the Indiana Department of Correction or the last known home address for Stuart Hunter if he is no longer employed by the Indiana Department of Correction." This matter is before the court on the plaintiff's motions for the court to hold the defendants in contempt, his praecipe to affect service of subpoenas, and his motion for a hearing. The record does not establish that the Commissioner has responded to the third party subpoena.

The court **DENIES** the plaintiff's motions to hold the defendants in contempt for failure to provide the requested information (dockets ##100 and 105) because the request for information was not directed at them — it was directed to the Commissioner of the Indiana Department of Correction. The Court, however, *sua sponte* **ORDERS** the Commissioner of the Indiana Department of Correction to provide the information

requested — the current work address of Stuart Hunter if he is still employed by the Indiana Department of Correction or the last known home address for Stuart Hunter if he is no longer employed by the Indiana Department of Correction — by August 8, 2005, or show cause why he should not be held in contempt.  The court **DENIES** the plaintiff's motion for the issuance of subpoenas (docket #101) as unnecessary, and **DENIES** his request for a hearing (docket #102) as premature. The court **DIRECTS** the clerk's office to send a copy of this order to Deputy Attorney General Thomas Quigley and **DIRECTS** the clerk to send Mr. Quigley a copy of the third party subpoena.

SO ORDERED.

ENTERED: July 11 , 2005

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge