UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROOSEVELT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:00-CV-0268 RM |
| | ) | |
| GEORGE PAYNE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Roosevelt Williams, a *pro se* prisoner has filed a motion for recusal pursuant to 28 USC § 144 and § 455. "Recusal under § 144 is mandatory once a party submits a timely and sufficient affidavit and her counsel presents a certificate stating that the affidavit is made in good faith." United States v. Sykes, 7 F.3d 1331, 1339 (7ᵗʰ Cir. 1993) *citing* United States v. Balistrieri, 779 F.2d 1191, 1199-1200. "Because the statute 'is heavily weighed in favor of recusal,' its requirements are to be strictly construed to prevent abuse." United States v. Sykes, 7 F.3d at 1339 *quoting* United States v. Balistrieri, 779 F.2d at 1199. Here there is neither an affidavit nor a certificate from counsel stating that the affidavit is made in good faith.

> Although a *pro se* litigant ordinarily may take the same action on his or her own behalf that an attorney could, that approach should not apply to the requirements of Section 144. First, the statutory language is quite plain in requiring a certificate from "counsel of record." The Seventh Circuit, like other circuits, has stressed the importance of strict enforcement of the procedural and substantive requirements of Section 144. *E.g., Sykes,* 7 F.3d at 1339. Second, although standards and procedures for disqualification to ensure both the reality and the appearance of impartiality are essential elements of our court system, they can be abused as devices for mere forum-shopping. Section 144 strikes a balance by providing both

powerful and nearly automatic procedures for disqualification, while requiring counsel's certificate of good faith as a means to prevent abuse.  As Judge Murrah explained in *Mitchell*, the requirement in Section 144 assumes that a member of the bar and officer of the court will not recklessly abuse the statute's powerful automatic procedures. *Mitchell [v. United States],* 126 F.2d [550] at 552 [(10th Cir. 1942)].  That assumption may be based on both a confident faith in the integrity of the bar and perhaps a less optimistic awareness of the court's power to impose meaningful sanctions upon an attorney if Section 144 were abused.  If a *pro se* litigant may use Section 144, the statute's essential safeguard of counsel's certificate of good faith is lost.  Third, *pro se* litigants have other effective mechanisms available to protect them from biased judges.  Most important, they can raise exactly the same issues under 28 U.S.C. § 455.  If they cannot use Section 144, all they will lose is the automatic disqualification that occurs under Section 144.

Robinson v. Gregory, 929 F.Supp 334, 337-338 (S.D. Ind 1996).  Because Mr. Williams's motion is not in the form of an affidavit and there is no certificate of counsel, the motion does not meet the requirements of § 144, and so will be considered under § 455.

Mr. Williams alleges partiality and favoritism in the rulings of the undersigned magistrate judge, though he does not cite any specific example of favoritism or partiality

28 U.S.C. § 455(a) requires a federal judge to "*disqualify himself in any proceeding in which his impartiality might reasonably be questioned.*" We have stated: Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person . . . . Trivial risks are endemic, and if they were enough to require disqualification we would have a system of peremptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could

2

introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary.

Hook v. McDade, 89 F.3d 350, 354 (7th Cir. 1996) (citations omitted, emphasis in original). Mr. Williams's vague and conclusiory allegations of bias are insufficient to require recusal pursuant to § 455(a).

> In determining whether a judge must disqualify himself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes. Moreover, recusal is required only if actual bias or prejudice is proved by compelling evidence.

Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996) (citations and quotation marks omitted). Here Mr. Williams's submissions though expressing dissatisfaction with the court's rulings, fall far short of the standard which requires recusal. Because there is no compelling evidence of personal bias, recusal is not warranted pursuant to § 455(b)(1).

For the foregoing reasons, the court DENIES plaintiff's motion for recusal (docket # 106).

SO ORDERED.

ENTERED: August 11, 2005

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
